IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, the Construction Industry Advancement Program of Western Pennsylvania, Western Pennsylvania Heavy & Highway Construction Advanced Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>     Plaintiff,<br><br>    v.<br><br>CONCRETE CORING COMPANY, INC., LARRY E. TREADWAY and ADAM J. LESSESKI,<br><br>     Defendants. | Civil Action No. |

## COMPLAINT

### COUNT I
### Laborers' Combined Funds of Western Pennsylvania, et al.
### v. Concrete Coring Company, Inc.
### ERISA Collection Action

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Concrete Coring Company, Inc. has failed to pay wage deductions and fringe benefit contributions to Plaintiff Funds in violation of a certain labor agreement entered into with a union affiliated with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "**Union**"), an employee organization.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds.  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions, the Construction Industry Advancement Program of Western Pennsylvania, and the Western Pennsylvania Heavy & Highway Construction Advanced Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

5. Defendant Concrete Coring Company, Inc. ("**Contractor**") is engaged in the construction business with its principal place of business at 286 Bonniebrook Road, Butler, Pennsylvania 16002.

6. Defendant Contractor is bound by a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

TADMS:5076211-1 000004-010359

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff Funds from June 2018 through October 2018, which has resulted in an estimated principal deficiency of $270,000.00. In addition, interest through December 30, 2018 of $11,812.50, and late charges/liquidated damages of $27,000.00 are due to Plaintiff Funds, for a total deficiency of $308,812.50. Interest will continue to accrue after December 30, 2018 at the rate of $110.96 per day.

8. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $45,000.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter (1¼%) percent per month and late charges/liquidated damages at ten (10%) percent times such amounts owed. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

9. Plaintiff Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also obligated to Plaintiff Funds to pay its reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total $61,762.50 through December 30, 2018. Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to Plaintiff Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

TADMS:5076211-1 000004-010359

12.     Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against said Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

(b)  For a money judgment in favor of Plaintiff Funds and against Defendant Contractor in the sum of $370,575.00, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest, late charges/liquidated damages, attorneys' fees of twenty percent (20%) of the total amount due and costs of suit; and

(c)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(d)     For such other and further relief as the Court may deem just.

## COUNT II
### Laborers' Combined Funds of Western Pennsylvania, et al. v. Larry E. Treadway and Adam J. Lesseski
### ERISA Breach of Fiduciary Duty Action

13.     Plaintiff Funds repeat the foregoing averments as if fully set forth.

14.     At all times material hereto, Defendants Larry E. Treadway ("**L. Treadway**") served as the President and Adam J. Lesseski ("**A. Lesseski**") served as the Vice President of Concrete Coring Company, Inc. at the address listed in Paragraph 5.

15. At all times material, L. Treadway and A. Lesseski were responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by the laborers employed under such Agreement.

16. At all times material, L. Treadway and A. Lesseski were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

17. At all times material, L. Treadway and A. Lesseski also had check signing authority and the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

18. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

19. At all times material, L. Treadway and A. Lesseski were aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

20. At all times material, L. Treadway and A. Lesseski were aware that Contractor failed to timely pay all required fringe benefits to the Funds.

21. Nevertheless, L. Treadway and A. Lesseski prioritized payment of corporate expenses that personally benefitted them over payment to the Funds.

22. Based upon the foregoing, L. Treadway and A. Lesseski constitute "fiduciaries" under ERISA.

23. Based upon the foregoing, L. Treadway and A. Lesseski violated their duty of loyalty to the beneficiaries of the Funds.

24. Based upon the foregoing, L. Treadway and A. Lesseski also breached their fiduciary duties to the Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages/late charges, attorneys' fees and legal costs owed by Contractor to the Funds.

TADMS:5076211-1 000004-010359

25. The estimated principal contributions owed to the Funds for work performed from January 2016 through October 2018 total $340,784.24. In addition, interest through December 30, 2018 of $61,986.86 is due and late charges/liquidated damages of $55,857.98 are due to Plaintiff Funds for a total deficiency of $458,629.08. Interest will continue to accrue after December 30, 2018 at the rate of $140.05 per day.

26. A portion of these amounts due are included in a judgment against Defendant Contractor (but not individual Defendants) at Civil Action No. 14-114.

27. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $40,050.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter (1¼%) percent per month and late charges/liquidated damages at ten (10%) percent times such amounts owed. In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

28. Plaintiff Funds have demanded from L. Treadway and A. Lesseski payment of all such amounts due, but they have neglected and continue to neglect to pay such amounts.

29. Pursuant to ERISA, Contractor and L. Treadway and A. Lesseski are also obligated to Plaintiff Funds to pay Plaintiff's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater. Such fees and expenses total $91,725.82 through December 30, 2018. Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Larry E. Treadway and Adam J. Lesseski in the amount of $550,354.89, plus interest from December 30, 2018 at a per diem rate of $140.05, plus legal costs, plus additional charges and fees.

### **COUNT III**
### **Laborers' Combined Funds of Western Pennsylvania, et al. v.**
### **Larry E. Treadway and Adam J. Lesseski**
### **State Common Law Conversion Action**

30. Plaintiff Funds repeat the foregoing averments as if fully set forth. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

31. Pursuant to such Agreement, Defendant L. Treadway and A. Lesseski caused Concrete Coring Company, Inc. to withhold monies from its laborer employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

32. In violation of such Agreement, L. Treadway and A. Lesseski failed to remit such deductions for union dues and legislative funds to the Plaintiff Funds.

33. At all times relevant to this action, L. Treadway and A. Lesseski had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

34. L. Treadway and A. Lesseski exercised dominion and control over the employee wage withholdings estimated at $42,119.40, and authorized and/or permitted such monies to be used to pay other obligations of Concrete Coring Company, Inc. and/or the personal debts of L. Treadway and A. Lesseski.

35. Based upon the foregoing, L. Treadway and A. Lesseski intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

36. Plaintiff Funds are also entitled to receive from L. Treadway and A. Lesseski interest through December 30, 2018 on such late payments of $7,661.30, plus additional interest from December 30, 2018 at 1-1/4% per month or $17.31 per day.

37. A portion of these amounts due are included in a judgment against Defendant Contractor (but not individual Defendants) at Civil Action No. 14-114.

TADMS:5076211-1 000004-010359

38. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $4,950.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter (1¼%) percent per month. In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Larry E. Treadway and Adam J. Lesseski in the amount of $49,780.70 plus additional interest from December 30, 2018 and costs of suit.

**JURY TRIAL DEMANDED**               TUCKER ARENSBERG, P.C.


                                      */s/ Jeffrey J. Leech*
                                      Jeffrey J. Leech, Esquire
                                      PA ID No. 19814
                                      jleech@tuckerlaw.com
                                      Neil J. Gregorio, Esquire
                                      PA ID No. 90859
                                      ngregorio@tuckerlaw.com
                                      Attorneys for Plaintiff

                                      1500 One PPG Place
                                      Pittsburgh, PA 15222
                                      (412) 566-1212